IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMMIE DAVIS,

    Plaintiff,

vs.

TOWER SELECT INSURANCE COMPANY, INC., et al.

    Defendants.

No. CIV S-12-1593 KJM-CKD

ORDER

/

    Plaintiff Tammie Davis seeks to amend her complaint against defendant Tower Select Insurance Company ("Tower") to add a cause of action against two new defendants, Michael and Natalie Barnett ("the Barnetts"), as well as fifty Doe defendants. (Notice Mot. & Mot. Leave to File Am. Compl., ECF 11.) Tower opposes Davis's motion. (Opp'n to Mot. Leave to File Am. Compl., ECF 13.) For the reasons set forth below, Davis's motion is DENIED.

I. BACKGROUND

    Plaintiff Tammie Davis filed suit against defendants Tower, Tower Group Companies, Donald K. Sams & Associates, Inc., Avil Tuchman and Does 1-100 in Placer

1

County Superior Court on February 12, 2012.  (State Ct. File, ECF 1-2.)[1]  Davis alleges that Tower wrongfully denied insurance claims she made after her house in Rocklin, California (the "Rocklin house") was damaged by a fire while it was covered by an insurance policy she purchased from Tower.  (*Id.*)  Davis's complaint contains several state law causes of action against Tower: (1) breach of insurance contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) defamation of character.  (*Id.*) Davis subsequently dismissed her claims against all defendants except Tower.  (Notice of Removal of Action, ECF 1.)  On June 14, 2012, Tower removed the case to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1441(b).  (*Id.*)

On February 8, 2012, Tower sent a letter to Davis that explained its coverage position.  (Decl. of Tim Kroeger ¶ 2, ECF 13-1.)  The letter states that Davis told Tower she lived in the Rocklin house but that Tower "determined through its investigation that neighbors to the [Rocklin house] advised that Ms. Davis does not live [there]."  (Ex. 1 at 6, ECF 13-1.)  The letter explains that Tower "denies coverage for additional living expenses in its entirety on the basis that it appears that the subject property was not used as . . . Davis' primary residence and material misrepresentations presented in support of the claim."  (*Id.* at 7.)  Tower denied full coverage for Davis and her family's personal property on the same grounds.  (*Id.* at 13.)

Davis filed her motion for leave to amend her complaint to add a defamation claim against the Barnetts on October 9, 2012.  (ECF 11.)  The Barnetts were Davis's neighbors and are residents of California.  (Proposed First Am. Compl, ¶¶ 8-9, ECF 11-1 .)  Davis alleges that the Barnetts made defamatory statements about her and her family to Tower, falsely stating that Davis was "engaging in dishonest and unlawful activities."  (*Id.* ¶¶ 43-46.)  She further

/////

---

[1] The court need not reach Tower's request for judicial notice of the Notice of Removal of Action and the State Court File (ECF 14), as these documents are already on the court's docket.  (ECF 1, 1-2.)

2

alleges that the "defamatory statements exposed [Davis] to hatred, contempt and ridicule" and led to the denial of her insurance claim  (*Id.* ¶¶ 48-50.)

## II.  ANALYSIS

Davis designated her motion as a motion for leave to amend under Federal Rule of Civil Procedure 15(a).  (ECF 11.)  Federal Rule of Civil Procedure 15(a)(2) states, "[t]he court should freely give leave [to amend a pleading] when justice so requires."  The Ninth Circuit has "stressed Rule 15's policy of favoring amendments."  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  However, because granting Davis's motion would divest the court of diversity jurisdiction, the court must determine whether Rule 15(a) or 28 U.S.C. § 1447(e) applies.  *See IBC Aviation Servs. v. Compañia Mexicana de Aviacion, S.A. De C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999).  Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Section 1447(e) provides the appropriate standard here, as opposed to that of Rule 15(a).  "While there is a certain degree of overlap, courts use [the standard from Section 1447(e)] to scrutinize amendment more closely when the amendment will defeat diversity jurisdiction."  *IBC Aviation*, 125 F. Supp. 2d at 1011 (citing *Desert Empire Bank v. Ins. Co. of N. Amer.*, 623 F.2d 1371, 1376 (9th Cir. 1980)).  *See also Clinco*, 41 F. Supp. 2d at 1087-88 (analyzing motion under both Rule 15(a) and Section 1447(e), but concluding that Rule 15(a)'s "presumption of the amendment's validity cannot apply" when amendment would defeat diversity jurisdiction of a removed case).  Under Section 1447(e), if the court allows Davis to join the Barnetts as defendants, it must remand the case to state court.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

/////

/////

The following factors are relevant to whether the Barnetts may be joined as defendants under Section 1447(e):

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000). *See also IBC Aviation*, 125 F. Supp. 2d at 1011.[2]

### A. Required Joinder under Rule 19(a)

A person must be joined as a party if "in that person's absence, the court cannot accord complete relief among existing parties" or "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect their interest." FED. R. CIV. P. 19(a). While Davis's claim against the Barnetts arises from the same events as her claims against Tower regarding her insurance policy, they are only tangentially related. Indeed, Davis does not argue that the Barnetts are necessary parties to her action against Tower. It is not necessary to consider Davis's defamation claim against the Barnetts to resolve her existing claims against Tower, nor it is necessary to join the Barnetts as parties to protect their interests. This factor weighs against allowing joinder of the Barnetts.

### B. Statute of Limitations

California law imposes a one-year statute of limitations for defamation actions, with the year beginning either when the defamatory statement was published or when the

---

[2] Tower's brief argues that the court may deny Davis's motion applying the standard from Federal Rule of Civil Procedure 15(a) rather than the correct standard in Section 1447(e). (*See* Opp'n, ECF 13.) Due to the overlap between these two standards, the court considers Tower's arguments to the extent they are relevant to the Section 1447(e) standard.

plaintiff knew, or should have known, of the communication. CAL. CIV. PROC. CODE § 340(c); *Shively v. Bozanich*, 31 Cal. 4th 1230, 1237 (2003). Davis has not argued that the statute of limitations would prevent her from asserting a defamation claim against the Barnetts in state court. Thus, this factor does not weigh for or against allowing joinder of the Barnetts. *See Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1023 (C.D. Cal. 2002); *Clinco*, 41 F. Supp. 2d at 1083.

  C. Unexplained Delay

    Davis filed her motion for leave to amend approximately eight months after filing her original complaint and four months after the case was removed to this court. (ECF 1, 11.) Although discovery has not begun, eight months is a significant delay. *Cf. Boon*, 229 F. Supp. 2d at 1023 (three months after original state court filing was not an unreasonable delay, but six month delay after removal would be unreasonably long) (citing *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983)). Tower argues that Davis could have made claims against the Barnetts earlier in the litigation, as Tower's February 8, 2012 letter to Davis explaining the reasons her claims would not be covered included information that Tower attributed to Davis's former neighbors. (ECF 13 at 4, citing Kroeger Decl. ¶ 2.) Davis admits she was aware that Tower interviewed her neighbors but that she did not know until recently that the Barnetts had "knowingly publish[ed] false information about her and her family." (ECF 18 at 7.) Davis's proposed complaint does not contain any details about the Barnetts' alleged defamatory statements, but she does not deny receiving the February 8 letter revealing that Tower spoke to her neighbors. (*See id.*) On these facts, Davis's eight-month delay in asserting a claim against the Barnetts is unjustified.

  D. Intent to Defeat Federal Jurisdiction

    Tower argues that Davis's motion is aimed at destroying the basis for federal jurisdiction, which Davis denies. (ECF 13 at 3; ECF 18 at 6-7.) There is no clear standard for determining whether a plaintiff has improper motives in seeking to add a party that will force the court to remand the case, but unjustified delay in filing a motion to amend is a reason to suspect

the plaintiff wishes to defeat federal jurisdiction. *See Bakshi v. Bayer Healthcare, LLC*, No. C07-00881 CW, 2007 WL 1232049, at *5 (N.D. Cal. Apr. 26, 2007) ("Because Plaintiff has no valid reason for failing to include [proposed defendant] in his original complaint, the Court finds that the primary reason for seeking to add [proposed defendant] now is to destroy the Court's diversity jurisdiction."); *Lopez v. PLS Fin. Servs.*, No. CV 11-03730 DDP JEMX, 2011 WL 3205355, at *2 (C.D. Cal. July 26, 2011) (in light of valid reason for delay in filing amended complaint, no reason to suspect plaintiff was attempting to thwart court's jurisdiction). On the other hand, the fact that Davis did not immediately move to amend her complaint as soon as it was removed to this court weighs against finding that her motive is to defeat federal jurisdiction. *See Clinco*, 41 F. Supp. 2d at 1083 (timing of plaintiff's motion to amend filed several days after removal allowed inference that "the complaint was caused by the removal rather than an evolution of his case"). On balance, the court finds this factor does not support granting leave to amend, considering as well the weakness of her claims, discussed below.

### E. Validity of Proposed Claims

The court next considers whether the new claim Davis proposes to assert against the Barnetts "seems meritorious." *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012. Tower asserts that a defamation claim against the Barnetts would fail, should leave to amend be granted, because Davis cannot show that the Barnetts' communications to Tower were not privileged, as they were made in the context of an insurance claim investigation. (ECF 13 at 7.) In California, defamation "requires a publication that is false, defamatory, unprivileged, and has a tendency to injure or cause special damage." *Hawran v. Hixson*, 209 Cal. App. 4th 256, 277 (2012). A privileged communication includes one made "without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information." CAL. CIV. CODE § 47. Tower does not offer any authority stating conclusively that statements made for

6

insurance investigations are privileged, and the court has found none. Tower further argues that Davis has not sufficiently alleged malice to overcome its showing that the Barnetts' statements were privileged. (ECF 13 at 8.) "The malice necessary to defeat a qualified privilege is 'actual malice' which is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked reasonable ground for belief in the truth of the publication and thereafter acted in reckless disregard of the plaintiff's rights." *Hawran*, 209 Cal. App. 4th at 288 (emphasis in original; citations omitted). Davis responds that because "no discovery has been exchanged," she is "unable to set forth in detail the substance of the communications between Tower and the Barnett[s] . . . ." (ECF 18 at 5.)

Davis's conclusory allegations, devoid of specific facts, would not survive a motion to dismiss and the court must conclude that her claim has no merit. Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. In her proposed amended complaint, Davis alleges that the Barnetts "intentionally conveyed false and malicious statements regarding [Davis] and her family to the Tower entities orally and in writing" and that the statements "expressly characterized [Davis] as engaging in dishonest and unlawful activities." (Proposed Am. Compl. ¶¶ 43-44, ECF 11-1.) These allegations do not provide enough details to state a claim for defamation. Davis's argument that she will be able to substantiate her claims through discovery is unavailing because her complaint itself must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" of defamation. *Twombly*, 550 U.S. at 556. The court concludes that Davis's proposed claim has no merit.

/////

F. Prejudice to Plaintiff

Davis asserts that she will be prejudiced if she cannot litigate her claims against Tower and the Barnetts in the same court because she will bear additional costs and it would be inefficient to litigate the same issues twice. (ECF 18 at 4.) The court recognizes that it is generally less costly and more efficient to litigate claims in one court than in two different courts. But because Davis's claims against Tower and the Barnetts are not significantly intertwined, as discussed above, litigating the claims separately will not substantially prejudice Davis. *See supra* Part II.A; *Boon*, 229 F. Supp. 2d at 1025 (plaintiff would not suffer prejudice from litigating in both state and federal court when evidence necessary to prove state and federal claims did not greatly overlap). Davis does not argue that her claims against the Barnetts and Tower involve similar legal issues. Davis does not specify the "common questions of fact" that her claims against all defendants share. (*See* ECF 18 at 4.) Because it does not appear that allowing Davis to pursue all her claims in the same court would conserve resources, this factor weighs against allowing Davis to amend her complaint.

Accordingly, Davis's motion for leave to file an amended complaint is DENIED.

DATED: January 8, 2013.

UNITED STATES DISTRICT JUDGE